IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                               NO. 1:09-CR-105-DMB-DAS

JUSTIN M. WINDHAM

**ORDER**

Justin M. Windham, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. Doc. #29. For the reasons below, the motion will be denied as time-barred.

**I**

On October 22, 2009, Windham entered into a voluntary plea agreement on the charge of "enticement of a minor to engage in sexual activity" in violation of 18 U.S.C. § 2422(b). Doc. #14. A month later, the Court accepted the plea agreement. Doc. #21. The Court entered final judgment on May 13, 2010, sentencing Windham to 120 months in federal prison and five years of supervised release. Doc. #25. Windham did not appeal his conviction or sentence. Nearly five years later, Windham filed the instant motion. Doc. #29. The Government filed a response in opposition, Doc. #31, to which Windham filed a reply, Doc. #33.

**II**

In his motion, Windham contends that prior to entering the plea agreement, he received ineffective assistance of counsel. Specifically, Windham claims that his counsel "misinformed [him] and his family" that "there was no so such thing as an entrapment defense in Mississippi, and the government has a right to entrap." Doc. #30 at 3. He also claims his counsel "never advised him that his likelihood of being sentenced to 120 months was … essentially the same

whether he pled or was convicted at trial." *Id*. Windham argues that based on his counsel's "erroneous and unreasonable advice," he entered the guilty plea. *Id*. Windham further argues that he "is actually innocent of the crime to which he entered a plea of guilty, because he was, in fact, entrapped by government agents." *Id*. at 1.

**A**

A § 2255 movant has one year to seek post-conviction relief. 28 U.S.C. § 2255(f). This one-year period runs from the latest of four possible dates, the last of which being "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). For this provision to apply, "a petitioner's diligence must merely be 'due' or 'reasonable' under the circumstances." *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008) (analyzing 28 U.S.C. § 2244(d)(1)(D) (citation omitted).[1] As the Supreme Court has explained, "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize" that he should act. *Johnson v. United States*, 544 U.S. 295, 308 (2005). In applying § 2255(f)(4), "[t]he important thing is to identify a particular time when ... diligence is in order." *Id*.

Windham contends that he qualifies for the exception for newly discovered facts on the theory that he was unaware until 2014 of the ways in which his counsel was ineffective. Doc. #30 at 2. He argues, forcefully, that "[a] prisoner discovers the 'facts' supporting his claim for ineffective assistance of counsel only when he learns that, at the time and place of his representation, there were certain prevailing professional norms and that his attorney deviated from those norms"; and "[a]bsent such an awareness of the attorney's duty, it cannot be said that

---

[1] "Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read *in pari materia* where the context does not indicate that would be improper." *United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998) (citation omitted).

2

the defendant knows 'the facts supporting the claim' within the meaning of 28 U.S.C. § 2255(4)." Doc. #33 at 3–4.

This argument attempts to blur the line between *facts* and their corresponding *legal significance*. *See United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005), *cert. denied*, 547 U.S. 1021 (2006) ("Whether an attorney should have performed a particular task drives the *legal* inquiry into the existence of an ineffective-assistance-of-counsel claim. What the lawyer did or did not do in his representation of a prisoner is a 'fact' ….") (emphasis in original; internal citations omitted). The distinction between fact and legal significance is therefore critical because, "for the purposes of § 2255(4), '[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Id.* (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). *Accord Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc); *Holmes v. Spencer*, 685 F.3d 51, 59 (1st Cir. 2012); *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012); *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004); *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012); *DeLalio v. Wyoming*, 363 Fed. App'x 626, 628 (10th Cir. 2010); *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014), *cert. denied*, *Cole v. Toole*, 135 S. Ct. 1905 (2015).

Based on the allegations in Windham's petition, the underlying facts supporting his claims are: (1) his counsel provided misinformation concerning the entrapment defense, and he did not assert the entrapment defense; and (2) his counsel failed to correctly advise him about his potential sentence. *See Pollard*, 416 F.3d at 55 ("What the lawyer did or did not do in his representation of a prisoner is a 'fact' ….") (internal citations omitted).

Prior to pleading guilty, Windham discussed the availability of the entrapment defense with his counsel, and he was also aware of his counsel's decision not to assert the defense. Indeed, Windham and his family members have offered sworn testimony that while conducting their own research on the availability of the entrapment defense, they "found case law from other states that [they] thought might be helpful." Doc. #30-2 at 1; Doc. #30-3 at 1; Doc. #30-4 at 1; Doc. #30-5 at 1; Doc. #30-6 at 1; Doc. #30-7 at 1; Doc. #30-8 at 1; Doc. #30-9 at 1. This research was passed along to Windham's counsel, who opted not to use it. Doc. #30-2 at 1; Doc. #30-3 at 1; Doc. #30-4 at 1; Doc. #30-5 at 1; Doc. #30-6 at 1; Doc. #30-7 at 1; Doc. #30-8 at 1; Doc. #30-9 at 1. "*Thereafter*, [Windham] pleaded guilty ...." Doc. #30-2 at 1 (emphasis added). This sworn testimony indicates that Windham was generally aware of the entrapment defense and his counsel's election not to assert it prior to signing the plea agreement on October 22, 2009.[2] *Id*; Doc. #14.

Additionally, the plea agreement informed Windham about his potential sentence. Specifically, the plea agreement explained that the crime for which Windham pleaded guilty "carries maximum possible penalties of not less than 10 years and not more than life imprisonment, $250,000 fine, not less than 5 years and not more than life supervised release, and a mandatory special assessment of $100." Doc. #14 at ¶ 1. The plea agreement also stated that the ultimate sentence "will be in the sole discretion of the Court subject to Federal Sentencing Guidelines and statutory considerations of 18 U.S.C. § 3553." *Id*. at ¶ 3. After reading the plea agreement,[3] both Windham and his counsel signed the document. *Id*. at 3.

---

[2] The Court recognizes the plea agreement as the first instance of Windham's acknowledgement of his guilt. The Court later accepted Windham's guilty plea on November 30, 2009. Doc. #21. During the plea hearing, Windham acknowledged that he had talked with his attorney about the charges against him and any defenses that he might have to the charge. Thereafter, Windham formally pleaded guilty in open court.

[3] *See* Doc. #14 at 1 ("Defendant has read and fully understands this plea agreement and approves the same ....").

The plea agreement further contains Windham's acknowledgment that he signed the agreement knowingly and voluntarily. *Id*. at ¶ 7. This is strong evidence that upon entering the plea agreement, Windham was aware of the total range of sentence that the Court could impose pursuant to the mandatory sentencing guidelines.[4] *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) ("Such a document is accorded great evidentiary weight.") (citation omitted). Therefore, if Windham's counsel had failed to properly advise him regarding the mandatory sentencing guidelines, Windham should have known this with one hundred percent certainty upon reviewing the plea agreement.[5]

The Court finds, therefore, that Windham has known, or could have discovered through due diligence, the facts underlying his ineffective assistance of counsel claim since at least October 2009; thus, his claim is untimely under § 2255(f).

**B**

Section 2255's statutory limitations are "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009) (discussing equitable tolling of § 2255 petition). The "diligence required for

---

[4] "On federal habeas review, it suffices if a defendant is informed of the maximum term of imprisonment. As long as the defendant understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *Hobbs v. Blackburn*, 752 F.2d 1079, 1082 (5th Cir. 1985) (internal quotation marks, alteration, and citation omitted).

[5] Additionally, during the plea hearing on November 30, 2009, the Court further instructed Windham about the applicability of the federal sentencing guidelines in his case. The Court sentenced Windham pursuant to the sentencing guidelines a few months later. Doc. #23. At the absolute latest, Windham should have known if his counsel offered incorrect sentencing advice on May 11, 2010, the date he was actually sentenced. *See United States v. Jackson*, 470 Fed. App'x 324, 327 (5th Cir. 2012) ("The 'facts supporting the claim ... presented,' specifically that Jackson's attorney allegedly incorrectly advised him that his federal sentence would run concurrently with his state sentence, could have been discovered immediately after Jackson's sentencing in federal court.").

5

equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation and internal quotation marks omitted). "Equitable tolling is permissible only in rare and exceptional circumstances." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (citation and internal quotation marks omitted).

Equitable tolling is not permissible here because Windham did not "pursu[e] his rights diligently." *Holland*, 560 U.S. at 649. As discussed above, Windham has been aware, or should have been aware, of the facts underlying his claims since at least October 2009, and he did nothing to pursue the issue in the courts until 2015. In other words, Windham simply waited nearly five years to address the issue, without any adequate explanation for his lack of diligence.

Windham has also not shown that an "extraordinary circumstance" stood in his way to prevent a timely filing. *Id.* The only circumstance, rare or otherwise, that Windham has identified is that he "is actually innocent of the crime to which he entered a plea of guilty, because he was, in fact, entrapped by government agents." Doc. #30 at 1.

The United States Supreme Court has held that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). Of course "actual innocence means factual innocence, not mere legal insufficiency." *United States v. Torres*, 163 F.3d 909, 912 (5th Cir. 1999) (internal quotation marks and citation omitted). And, "the entrapment issue … is not sufficient to support a colorable claim to factual innocence." *Drummond v. United States*, 41 F.3d 664, at *2 (5th Cir. 1994). Thus, Windham has not put forth a plausible "factual innocence" argument; and therefore, he cannot establish actual innocence sufficient to overcome the procedural bar.[6]

---

[6] *See Graves v. United States*, No. 1:13-CV-378, 2014 WL 2604561, at *5 (W.D. Mich. June 11, 2014) ("Nor can a claim of entrapment be used to establish Movant's actual innocence because entrapment establishes only legal

6

Accordingly, Windham is not entitled to equitable tolling of the limitations period for his petition.

**III**

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Windham has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. The Court therefore will not issue a Certificate of Appealability.

**IV**

Therefore, for the reasons above:

1. Windham's motion to vacate under 28 U.S.C. § 2255, Doc. #29, filed on April 13, 2015, is **DENIED as time-barred** and this matter is **DISMISSED with prejudice**; and

2. Windham is **DENIED a Certificate of Appealability**.

**SO ORDERED**, this 25th day of September, 2015.

                                                          /s/Debra M. Brown
                                                          **UNITED STATES DISTRICT JUDGE**

---

innocence, not factual innocence ….") (internal quotation marks and citation omitted); *United States v. Meza-Herrera*, No. 94 C 7108, 1995 WL 76903, at *2 (N.D. Ill. Feb. 22, 1995) ("entrapment is a defense supporting a claim of legal, rather than actual, innocence") (citation omitted); *Dionne v. Foster*, No. CV99-0150, 2007 WL 881849, at *2 (D. Idaho Mar. 21, 2007) (rejecting entrapment argument "as the basis for actual innocence, because [it is an] argument[] of legal, not factual, innocence").